139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvin SHEARS, a/k/a Cashears, Plaintiff-Appellant,
and
Joseph Bates; Tyrone Calvert; John Kazee; Terrance
Townsend; Richard Golden, Plaintiffs,
v.
USA TODAY, an unknown entity; Gannett Co., Inc., a
corporation, Defendants-Appellees,
and
Richard Price, an individual, Defendant.
 No. 96-55716.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Feb. 13, 1998.
 
 Appeal from the United States District Court for the Central District of California Richard A. Paez, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Calvin Shears appeals pro se the district court's summary judgment in favor of USA Today and Gannett Co., Inc. ("Gannett") in Shears' diversity action for negligent and intentional infliction of emotional distress and intentional misrepresentation arising out of an article and photograph published in USA Today. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). In diversity cases, we apply the law of the forum state. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We review the district court's interpretation of state law de novo. See Huey v. Honeywell, Inc., 82 F.3d 327, 329 (9th Cir.1996).
 
 
 4
 Shears' claims are admittedly based upon the alleged "injurious falsehood" of the article and photograph. See Blatty v. New York Times Co., 42 Cal.3d 1033, 232 Cal.Rptr. 542, 728 P.2d 1177, 1183 (Cal.1986). Because Shears was neither named in the article nor depicted in the photograph at issue in his complaint, the article and photograph were not "of and concerning" Shears and Shears cannot bring an action for injurious falsehood. See id.
 
 
 5
 Accordingly, the district court did not err by granting summary judgment for Gannett. See Bagdadi, 84 F.3d at 1197.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellee's motion to strike documents submitted by appellant and portions of appellant's opening brief is granted to the extent that the documents and opening brief refer to matters outside the record. All other pending motions are denied as moot
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not have jurisdiction to consider the contentions which Shears raises for the first time on appeal. See Broad v. Sealaska Corp., 85 F.3d 422, 430 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 768, 136 L.Ed.2d 714 (1997). We have considered Shears' additional contentions and conclude that they lack merit